## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     No. 2:18-cr-00188-DBH |
| | ) |
| AUSTIN SANTORO | ) |
| | ) |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel, Halsey B. Frank, United States Attorney for the District of Maine, and Craig M. Wolff, Assistant United States Attorney, respectfully submits the following memorandum in aid of sentencing in this matter.

### INTRODUCTION

The Revised Presentence Investigation Report (PSR) provides a detailed description of the offense conduct in this case. Between November 2017 and February 2018, the Defendant, Austin Santoro, sent numerous harassing and threatening emails to individuals at police departments, other public entities, colleges and universities and one private business. In several of the emails, Santoro—posing as other individuals and using their names and email addresses—threatened to sexually assault the recipients at gunpoint. In another, he claimed a bomb was present in the purported sender's office. And in still others, he made vile racist and sexually explicit statements.

Santoro pleaded guilty to a two-count information, charging him with transmitting a threatening interstate communication, in violation of 18 U.S.C.

§ 875(c); and identity theft, in violation of 18 U.S.C. § 1028(a)(7). The government respectfully submits that a sentence of 24 months imprisonment followed by three years supervised release is appropriate in this case.

## CONTEXT FOR SENTENCING

Santoro is facing a maximum sentence of five years imprisonment on Count One, and 20 years imprisonment on Count Two. PSR ¶ 78. The Court may impose a term of supervised release of up to three years. PSR ¶ 81. A fine of up to $250,000 per count may be imposed, and a special assessment of $100 per count is mandatory. PSR ¶¶ 87, 88. Restitution is mandatory, but no restitution requests have been submitted. PSR ¶ 91.

## GOVERNMENT'S POSITION

**I.      Santoro's Final Advisory Guidelines Range Should be 24–30 Months**

   **A.      The Government Agrees with the Guideline Calculation for Count One, But Suggests Two Changes to the Calculation for Count Two**

The revised PSR calculates Santoro's offense level for Count One in the following manner:

| | | | |
|---|---|---|---|
| Base offense level | 12 | | § 2A6.1(a)(1) |
| More than two threats | +2 | | § 2A6.1(b)(2)(A) |
| Official victim | +6 | | § 3A1.2(b) |
| **Total Offense Level** | **20** | | |

PSR ¶¶ 24–29. The government agrees with these calculations.

The revised PSR calculates Santoro's offense level for Count Two as follows:

| | | |
|---|---|---|
| Base offense level | 7 | § 2B1.1(a)(1)(A) |
| Sophisticated means | +5 | § 2B1.1(b)(10)(C) |
| **Total Offense Level** | **12** | |

The government suggests two changes to this calculation. First, upon further review, the government does not believe Santoro's use of the Czech email-spoofing website described in the PSR constituted sufficiently sophisticated conduct to warrant the enhancement. The website is publicly available, and users need no special skill or knowledge to access or use it. Accordingly, the government does not recommend applying the enhancement under § 2B1.1(b)(10)(C).

Second, the government believes that the official victim enhancement under § 3A1.2 should apply to Count Two. Although the government has not found any case law on point, under the plain language of § 3A1.2, P.S. qualifies as a government employee. At the time Santoro used P.S.'s name to send threatening and harassing emails, P.S. was an adjunct faculty member at York County Community College (YCCC). As such, he was an employee of the Maine Community College System (MCCS), a Maine state governmental entity composed of the seven community colleges in the state. *See* 20-A M.R.S.A. §§ 12701–12722. MCCS is governed by a Board of Trustees whose members are nominated by the governor and confirmed by the legislature. "As a publicly funded institution of higher education, MCCS receives appropriations from the State of Maine partially subsidizing the costs of attendance at

3

one of the seven community colleges." Maine Community College System Program Evaluation Report at 14 (Nov. 1, 2017), *available at* https://www.mccs.me.edu/wp-content/uploads/MCCS-2017-GEA-Program-Evaluation-Report-FINAL.pdf. The government will be submitting a declaration from the Chief Human Resources Officer of MCCS, providing facts demonstrating that P.S. was a government employee at the time Santoro stole his identity. Additionally, as the PSR notes, Santoro received a failing grade from P.S. while a student at YCCC during the 2017 fall semester. PSR ¶ 18. It appears, therefore, that Santoro's use of P.S.'s name was motivated by P.S.'s status as a YCCC professor, making applicable the three-level enhancement under § 3A1.2(a).

If the official victim enhancement is applied and the sophisticated means enhancement is not, Santoro's total offense level for Count Two becomes 10. Because the offense level for Count Two is more than nine levels less serious than the offense level for Count One, it does not operate to increase the final offense level under the grouping rules of § 3D1.4. Thus, if the government's recommended guideline calculation is adopted, Santoro's final offense level is 17, and his advisory guidelines range is 24–30 months.

### III.    A Sentence of 24 Months Imprisonment Is Appropriate Here

The government believes that a sentence of 24 months imprisonment is appropriate in this case. Such a sentence takes into account the particular facts and circumstances of this case and comports with the statutory purposes of sentencing.

### A. The Government's Recommended Sentence Reflects the Severity of Santoro's Conduct

Santoro's offense conduct argues for a guideline sentence and counsels against a downward variance. The one threat to which he pleaded guilty was only a small part of a sustained campaign of harassing and threatening behavior directed toward numerous victims. In addition to the two emails that form the basis for Counts One and Two of the Information, the PSR lists 14 other emails sent to police departments, colleges and universities and a private business. In the emails, Santoro threatened sexual assaults and the use of explosives, and he made racist and sexually explicit comments that he attributed to other individuals by spoofing their email addresses. And the PSR notes that the Czech email spoofing website revealed that several dozen emails had been sent using its service that can be attributed to Santoro. PSR ¶ 17.

The commentary to § 2A6.1 notes that if the offense involves substantially more than two threatening communications to the same victim, or a prolonged period of making harassing communications to the same victim, an upward departure may be warranted. U.S.S.G. § 2A6.1 cmt. n.4(B). Here, Santoro, posing as P.S., sent several threatening and harassing emails to other YCCC employees. He also sent a large number of similar emails to other victims. In each one of his emails, Santoro wrongfully used another person's identity, thereby committing a separate and distinct harm. Although the government is not recommending an upward departure, the scope and duration of his threatening and harassing conduct, coupled with his theft of others' identities, strongly argues against a downward variance.

### B. The Government's Recommended Sentence Fulfills the Statutory Purposes of Sentencing

The government submits that a sentence of 24 months is also proper under 18 U.S.C. § 3553(a). In addition to the nature and circumstances of the offense, discussed above, the other statutory factors also support the imposition of the government's recommended sentence.

#### 1. Santoro's History and Characteristics

With respect to his history and characteristics, the PSR makes clear that Santoro has a lengthy history of mental health diagnoses. None of these diagnoses provides a ready explanation for his offense conduct, however. Likewise, although it appears his childhood had numerous episodes of conflict with other family members, this, too, does not explain or excuse his offense behavior. On balance, the PSR describes a troubled young man, but not one whose behavior can be easily explained or justified.

#### 2. Seriousness of Offense, Respect for the Law, Just Punishment

The Court must also consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). These factors are related. As the court noted in *United States v. Ontiveros*, 2008 WL 2937539 (E.D. Wis. July 24, 2008), "[a] sentence that is too lenient depreciates the seriousness of the offense and fails to promote respect for the law. By the same token, a sentence that is disproportionately long in relation to the offense is unjust and likewise fails to promote respect." *Id.* at *3. In this case, Santoro's offenses were quite serious. He

6

victimized both the recipients of his emails as well as the purported senders whose identities he stole. The government submits that its recommended sentence is a just punishment that reflects the offenses' seriousness and promotes respect for the law.

### 3. General and Specific Deterrence

The Court also must consider the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(B), (C). These two factors are sometimes said to reflect the needs for general and specific deterrence. *See, e.g.*, *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010). With respect to the former, the government's recommended sentence will send the message that threats of violence are serious and will result in substantial punishment. It will likewise send the message that purporting to be someone else while sending threats of violence is also serious, and merits substantial punishment as well.

With respect to the latter, it is unclear at this point whether Santoro poses a continuing danger to others. If he adheres to a mental health treatment regimen, it appears the risk of future criminal conduct will be reduced. His history of non-compliance with treatment, however, increases his potential risk to others in the future.

### 4. Training and Treatment

The Court must also consider the need for the sentence imposed to provide Santoro with needed training or treatment. See 18 U.S.C. § 3553(a)(2)(D). The

government's recommended sentence will provide him with the opportunity to obtain mental health treatment, as recommended by the PSR.

### 5. Sentencing Disparities

The Court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). The government submits that the guideline sentence it recommends adequately addresses this factor.

### IV.  The Government Anticipates That One Victim Will Speak at Sentencing

At the May 21 sentencing hearing, the government anticipates that Robert Merner, Chief of the Portsmouth Police Department, will speak regarding the effect Santoro's offense conduct had on the police department and its employees. Merner had been with the department for only six months when Santoro sent threats to sexually assault several department employees that appeared to have come from Merner's department email account.

## CONCLUSION

For the above reasons, the government recommends that the Court impose a sentence of 24 months imprisonment followed by three years of supervised release.

Respectfully submitted,

HALSEY B. FRANK
UNITED STATES ATTORNEY


 /s/ Craig M. Wolff
Craig M. Wolff
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
craig.wolff@usdoj.gov

Dated:  May 9, 2019

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2019, I electronically filed the above

**Government's Sentencing Memorandum** with the Clerk of Court using the

CM/ECF system, which will send notification of such filing to the following:

**J. Hilary Billings**
**Assistant Federal Defender**
**j.hilary.billings@fd.org**

HALSEY B. FRANK
UNITED STATES ATTORNEY


 /s/ Craig M. Wolff
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257
craig.wolff@usdoj.gov